I. W. PECK AND MARY S. PECK, *Appellants, v.* CLAUDIS PHILLIPS, TRADING AS PHILLIPS & SONS, *Appellee.*

Opinion Filed April 14, 1914.

Where before the defendant appears or files any pleading, the bill of complaint is amended in ·material respects, a decree *pro confesso* should not be entered by the clerk at the first. rule day after the amendment.

Appealed from Circuit Court for Manatee County; F. A. Whitney, Judge.

Decree reversed.

*Singletary & Reaves,* for Appellants;

No appearance for Appellee.

WHITFIELD, J.—This appeal is from a final decree in a foreclosure proceeding covering a citrus fruit grove. The bill of complaint was filed July 25, 1912, and on October 12, 1912, by leave of court a material amendment to the bill of complaint was filed. Service of process was made on September 11, 1912, and a decree pro confesso, for fail-

ure to plead, answer or demur, was entered by the Clerk on November 4, 1912. The court appointed the Clerk of the Circuit Court for the county receiver of the growing crops, with power to sell; and authorized the Clerk to approve his own bond as such receiver. The court refused to open up the decree pro confesso, and rendered a final decree and also subsequent decrees in the enforcement of the decree of forclosure including a large deficiency decree, apparently without requiring the proceeds of the sale of crops by the receiver to be reported and credited on the indebtedness. The property was bought in by the mortgagee for about a third of the mortgage indebtedness. As the bill was amended in material respects on October 12, the decree pro confesso should not have been entered by the Clerk until the December Rule Day. See 5 Enc. Pl. & Pr. 980; 1 Enc. Pl. & Pr. 490. Under these circumstances the final decree is reversed and the cause remanded for appropriate proceedings.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.